Reese, J.
delivered the opinion of the court.
The defendant brought an action of trespass, for an assault and battery and false imprisonment in the circuit court, for the county of Jefferson, against the complainants, and others, and upon the trial thirteen of the defendants in that suit were found guilty and damages assessed against them, and the balance being much the larger number, were found not guilty, and recovered against the plaintiff in that suit, their costs Sec. The defendants in that suit who were found guilty, and against whom judgment was rendered, appealed to the supreme court, where the judgment was affirmed, and an execution was sued out from that court for the damages and costs. The bill alledges that the costs were improperly taxed, in two leading-particulars. First, that the service of process upon all the defendants as well those' who were acquitted, as those who were convicted of the charge contained in the declaration, was taxed against the latter thirteen defendants, against whom *206 the verdict rind judgment were rendered. And, secondly, that the witnesses summoned on the trial for the purpose of making manifest the innocence of the defendants who were acquitted, and whose costs were recovered by said defendants, and should have been taxed against the plaintiff, were in fact taxed against the defendants who were convicted, as having been recovered by the plaintiff. A demurrer was filed to this bill, which the chancellor sustained, and he decreed a dismissal of the bill and a dissolution of the injunction; and the question here is whether in so doing he erred.
It is possible that a case might exist, in which, owing to the wrong or fraud of a party in a suit at law, a court of chancery might be clothed with jurisdiction to investigate, supervise and correct the taxation of costs. But so summary and so ample is the power of a court of-common law over the subject, that it is difficult to imagine, even the existence of such a case. On the other hand, the rule and law of costs is so different in a court of chancery, and the taxation of them so foreign from the habits, studies and jurisdiction of that court, that for it to take upon itself their adjustment and supervision, would, indeed be something novel and strange: moreover, the taxation of costs in any court is but the incident to a suit in such court; there are the process, subpoenas, orders, rules &c., and all the materials for the proper adjustment of the matter, and there and there only, it is peculiarly proper, that it should be left. How would or could the chancellor get properly before him all these materials? The thing is impracticable, not to say absurd. On grounds therefore, the most obvious, of public convenience, the mere incidental jurisdiction of correcting and adjusting costs, must be left in the forum, which investigates and determines the principal matter, the suit itself. So strongly does this court adhere to this principle, that it is a settled rule of practice here in chancery cases, not to entertain jurisdiction for the purpose of correcting the most erroneous judgment on the subjects of costs merely.
As to the first ground stated in this bill, the taxation of the leading process of all the defendants to those who were convicted, this court can, and will upon its common law side, on motion *207 make the proper correction. As to the other ground, with relation to witnesses, summoned generally on behalf of the defendants but examined exclusively on behalf of certain defendants who are acquitted, it is believed that the circuit court trying the cause could, from the judge’s notes at the time, have directed them to have been taxed against the plaintiff. ■ His omission to do so, cannot invest a chancellor with the difficult and dangerous jurisdiction of now inquiring into the character, extent, and bearing of the testimony actually heard, for the purpose of taxing the attendance of witnesses to the proper parties.
Let the decree be affirmed.